Cunningham, Judge.
On March 24,1911, Harrington, the plaintiff in error, filed his action in the district court to restrain the defendants in error from collecting certain judgments which the latter had obtained against him, basing his action for relief as against said judgments upon the statute of limitations approved April 18, 1891, which statute was set up by plaintiff in his complaint. The defendants each filed general demurrers to the plaintiff’s complaint. The trial court, upon hearing duly had, sustained the demur-rers of the defendants. Plaintiff electing to stand upon his complaint and declining to plead further, judgment of dismissal was entered against him.
*416 It is only necessary for ns to determine on this appeal whether the statute of limitations of 1891 pertaining to judgments, or the amendment of that statute in 1901, governs the rights of the parties in this law suit. It is conceded by counsel for both parties that the earlier statute, although it contained an irreconcilable conflict, fixed the life of an unrevived judgment at ten years, while the later act, passed in 1901, being section 3609, E. S., fixes the life of such judgment at twenty years. The judgments which Harrington, the plaintiff in error, seeks to restrain the collection of were rendered in 1895. At that time the ten-year limitations act was in full force and effect, and had it not been repealed or amended, the bar of the statute as to the judgments against Harrington would have attached in 1905, ten years later. In 1911, sixteen years after the rendition of the judgments, the defendants in error caused executions to be issued thereon. Succinctly stated, the contention of the parties to this appeal is: On the part of Harrington, that the statute of 1901 applies to and can affect no judgment which had been rendered prior to its enactment. In other words, that the later statute, not having in express terms provided that it should apply retrospectively and affect all judgments theretofore as well as thereafter rendered, that it could only apply prospectively, hence could not affect the judgments against him here under consideration; the defendants in error insist that since statutes of limitations are remedial in their character, and deal with procedure only, prima facie they apply to all judgments —those which have been rendered, as well as to future judgements; that a judgment debtor has no vested right in the running of the statute of limitations until it has completely run and barred action. Hence it is their contention that the new act, i. e., the act of 1901, having passed less than ten years after the rendition of the judgments against plaintiff in error, and before the bar *417 of the statute of limitations had attached to said judgments, that the new act became at once applicable to these judgments, and that executions might issue on the same.
Plaintiff in error has called our attention to Jones v. Stockgrowers’ National Bank, 17 Colo. App., 79, and we have given that case-careful consideration. It must be conceded that there is language in the opinion in the Jones case which supports the contention made in the instant case by the plaintiff in error, but it will be observed by a reading of the Jones case that the court there had before it for construction a new statute which shortened the limitation period, whereas we are here considering the effect of a new act, or amendment, which is said to extend the limitation period. Or, stated otherwise, the later legislative act before the court in the Jones case, if given a retrospective application, would have retarded or interfered with the remedy, whereas the amended legislative act, which it becomes our duty to construe, extends or promotes the remedy. It may well be that a proper conclusion was reached in the Jones case, but it is not necessary for us to, and we do not, decide whether this is true or. not. We are persuaded that the overwhelming weight of authority in this country supports the contention made by the defendants in error in this case, and that the act of 1901, haying been adopted less than ten years after the rendition of the judgments against plaintiff in error and before the statute of limitations had attached to said judgments, is applicable to them. There is no occasion for us to discuss this question at length: The interest of the profession will be better promoted by the citation'of the following authori-. ties supporting the conclusion at which we have arrived: 26 Am. & Eng. Enc. Law, 676; Southerland on Statutory Construction, sec. 482; Denver, etc., R. R. Co. v. Woodward, 4 Colo., 105; Fisher v. Harvey, 6 Colo., 17; O’Con *418 ner v. State, 71 S. W., 409; Honore v. Wilshire, 109 Ill., 103; Billings v. Hall, 7 Calif., 3; Watson v. R. R. Co., 93 N. Y., 522; Clark v. Clark, 10 N. H., 380; Sohn v. Waterson, 17 Wall., 596; Warner v. Bartell, 56 N. Y. S., 585; Fish v. Genett, 56 S. W., 813; Gillette v. Hibbard, 3 Mont., 412; Buckmaster v. McElroy, 20 Neb., 557, 31 N. W., 76; City of Montpelier v. Senter, 72 Vt., 112, 47 Atl., 392; Haskel v. City of Burlington, 30 Ia., 232; Keagy v. Wellington Bank, 12 Ok., 33, 69 Pac., 811; Nickles v. Haskins, 15 Ala., 619, 50 Am. Dec., 154; Bowman v. City of Colfax, 17 Wash., 344, 49 Pac., 551.
We quite agree with the following statement made by the supreme court of Washington in Bowman v. City of Colfax, supra:
“The statutes of limitation is not such a meritorious defense that either the law or the facts should be constrained in aid of it. ’ ’
Also with the views expressed by the supreme court of California in Billings v. Hall, supra:
“The statutes of limitation are designed to affect the remedy and not the right or contract; that they do not enter into the contract as a part of the law thereof; and that it would be inconsistent with sound morality and wise legislation to suppose that it was ever intended that when a party gave his obligation to pay a particular debt, he was presumed to have within his mind a particular period of time, beyond which, if he protracted his obligation, his liability would cease.”
In Denver, etc., R. R. Co. v. Woodward, supra, our supreme court quotes with approval from Clark v. Clark, supra, the following:
“The statutes of limitation may be changed by an extension of the time, or of an entire repeal, and a'ffect. *419 existing causes of action, which., by the existing law, would soon be barred. ”
Decided January 13, A. D. 1913.
Rehearing denied March 10, A. D. 1913.
The judgment of the district court is affirmed.